# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tony J. Walton,**
**Petitioner Below, Petitioner**

**FILED**

**November 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 18-0602**      (Fayette County 18-C-84)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tony J. Walton, pro se, appeals the June 13, 2018, order of the Circuit Court of Fayette County denying his second petition for a writ of habeas corpus. Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Holly M. Flanigan, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2009, a Fayette County Grand Jury indicted petitioner on one count of first-degree robbery and one count of assault during the commission of a felony. The indictment alleged that petitioner robbed a Family Dollar store and assaulted the manager. Following a two-day trial, the jury convicted petitioner of both counts of the indictment. Thereafter, the circuit court sentenced petitioner to a term of fifty years of incarceration for first-degree robbery and a term of

---

[1]Since the filing of the appeal in this case, the superintendent at Mt. Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

1

two to ten years of incarceration for assault during the commission of a felony, to be served consecutively. In June of 2010, petitioner appealed his convictions, arguing that the jury was erroneously instructed on intimidation. By order entered on September 22, 2010, this Court refused petitioner's criminal appeal.

On June 18, 2012, petitioner, by counsel, filed a petition for a writ of habeas corpus with this Court, alleging ineffective assistance of trial counsel. By order entered September 20, 2012, this Court refused petitioner's habeas petition, without prejudice, to allow "petitioner to re-file in [the] circuit court in order to permit an evidentiary hearing on the allegation of ineffective assistance of trial counsel."[2] On October 29, 2012, petitioner filed a petition for a writ of habeas corpus in the circuit court.

On June 5, 2013, petitioner filed a *Losh* list, asserting the following grounds for habeas relief: (1) ineffective assistance of trial counsel; (2) denial of petitioner's right to a trial given the lack of a jury venire representative of the community; (3) improper use of a photo line-up; (4) denial of petitioner's right to an impartial jury given one juror's fear of retaliation; (5) improper jury instruction concerning intimidation; and (6) ineffective assistance of appellate counsel.[3] The circuit court subsequently held two hearings. At a June 5, 2013, hearing, petitioner "advised the [circuit court] that he was satisfied with his habeas counsel's representation and waived, on the record, all grounds not asserted in his *Losh* [list]." At a July 15, 2013, hearing, the court heard testimony from petitioner, petitioner's trial counsel, and a deputy circuit clerk who testified that the Fayette County Circuit Clerk did not have a policy of excluding certain races from being selected for jury service.

By order entered August 13, 2013, the circuit court found that none of petitioner's grounds entitled him to habeas relief. With regard to petitioner's ineffective assistance of appellate counsel claim, the circuit court rejected this ground given that he presented no testimony or evidence to support it. Petitioner appealed the August 13, 2013, order in *Walton v. Ballard*, No. 14-0196, 2015 WL 571031 (W. Va. Feb. 9, 2015) (memorandum decision). In *Walton*, this Court affirmed the circuit court's ruling, adopting its "well-reasoned findings and conclusions of law as to those assignments of error raised in this appeal." *Id.* at *2.

On April 19, 2018, petitioner, pro se, filed a second habeas petition, raising ineffective assistance of habeas counsel. Petitioner argued that both his criminal appellate counsel and his habeas counsel failed to raise issues that, if asserted, would have changed the outcome of his prior proceedings. Petitioner asserted that habeas counsel was ineffective in failing to call appellate counsel as a witness at the July 15, 2013, hearing. By order entered June 13, 2018, the circuit court found that habeas counsel was not ineffective. The court determined that there were no issues that

---

[2]We take judicial notice of the record in the original jurisdiction case, Supreme Court No. 12-0735.

[3]In *Losh v. McKenzie*, 166 W. Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

either petitioner's habeas counsel or his criminal appellate counsel could have raised that would have changed the outcome of his prior proceedings. The court found that petitioner offered nothing new in his second petition other than self-serving assertions and speculation, and further determined that petitioner's claim of ineffective assistance of habeas counsel did not warrant a hearing or the appointment of new counsel.

It is from the circuit court's June 13, 2018, order that petitioner now appeals. In Syllabus Points 1 and 3 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

Additionally, in Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held, in pertinent part:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus[.]

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).

On appeal, petitioner argues that habeas counsel was ineffective in failing to explain that the purpose of the *Losh* list was not only to raise certain grounds, but also to waive other issues. Respondent counters that this Court should decline to address this issue because it was not raised

before the circuit court.[4] We consider this issue given that notification of the raise-or-waive requirement is a necessary characteristic of an omnibus hearing, which triggers the application of the res judicata doctrine to successive habeas petitions.

In Syllabus Point 1 of *Losh*, we held:

> An omnibus habeas corpus hearing as contemplated in [West Virginia Code § 53-4A-1 to -11] occurs when: (1) an applicant for habeas corpus is represented by counsel or appears pro se having knowingly and intelligently waived his right to counsel; *(2) the trial court inquires into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon advice of counsel unless he knowingly and intelligently waived his right to counsel; and, (4) the trial court drafts a comprehensive order including the findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding.*

166 W. Va. at 762, 277 S.E.2d at 607-08. (Emphasis added). Here, the circuit court noted in its August 13, 2013, order, that petitioner "advised the [c]ourt that he was satisfied with his habeas counsel's representation and waived, on the record, all grounds not asserted in his *Losh* [list]." Therefore, we reject petitioner's argument that he was not advised that he must raise or waive any applicable grounds for habeas relief during his omnibus proceeding.

Upon our review of the record, we find that petitioner's remaining arguments on appeal were ones raised before the circuit court: that both his criminal appellate counsel and his habeas counsel failed to raise issues that, if asserted, would have changed the outcome of his prior proceedings. Respondent counters that all the issues petitioner alleges that appellate counsel failed to raise in his criminal appeal were raised by habeas counsel in the omnibus proceeding and rejected by the circuit court in its August 13, 2013, order. We agree with respondent and concur with the circuit court's finding that petitioner offered nothing new in his second petition other than self-serving assertions and speculation. *See Losh*, 166 W. Va. at 771, 277 S.E.2d at 612 (finding that allegations made without adequate factual support "do[ ] not justify the issuance of a writ, the

---

[4] In Syllabus Point 1 of *West Virginia Department of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W. Va. 387, 599 S.E.2d 810 (2004), we held:

> As a general rule, proceedings of trial courts are presumed to be regular, unless the contrary affirmatively appears upon the record, and errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there.

(Internal quotations and citations omitted).

4

appointment of counsel, and the holding of a hearing"). Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's second habeas petition.

For the foregoing reasons, we affirm the circuit court's June 13, 2018, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.


**ISSUED**: November 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison